IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMON JOHNSON, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | NO. 18-300 |
| POLICE DEPARTMENT, *et al.*, | : | |
| Defendants. | : | FEB - 1 2018 |

## MEMORANDUM

JONES, J.                                                                                                                                             JANUARY 31, 2018

Damon Johnson, a State prisoner currently incarcerated at SCI Huntington, filed this civil action pursuant to 42 U.S.C. § 1983 against various defendants including police officers, former District Attorney Seth Williams, multiple Assistant District Attorneys, and Magistrate Judge Jane Rice, all of whom he alleges had varying degrees of involvement in his state criminal case. Mr. Johnson has also filed a motion to proceed *in forma pauperis*. For the reasons set forth below, the Court will grant Mr. Johnson leave to proceed *in forma pauperis*, dismiss his Complaint, and provide leave to file an amended complaint.

### I. FACTS

In his Complaint, Mr. Johnson alleges that on January 28, 2016, "eleven (11) individuals of the City of Philadelphia Police Department conspired in falsified and/or misleading documents/affidavits to bring accusation against Plaintiff." (Compl. at 7.) He contends that he was subject to unconstitutional search and seizure, excessive force, false arrest, false imprisonment, excessive bail, and malicious prosecution. (*Id.*) However, Mr. Johnson fails to provide specifics to support these allegations.

1

A review of public dockets indicates that on April 5, 2016, Mr. Johnson was charged in two (2) proceedings with crimes based on conduct that occurred on January 28, 2016. In one of those proceedings, Mr. Johnson was charged with resisting arrest and institutional vandalism. *Commonwealth v. Johnson*, Docket No. CP-51-CR-0003364-2016 (Phila. Ct. Common Pleas). He was convicted of resisting arrest and was sentenced to one (1) to two (2) years in prison. *Id.* In the second proceeding, Mr. Johnson was charged with being a prohibited person in possession of a firearm, carrying a firearm without a license, and carrying a firearm in public. *Commonwealth v. Johnson*, Docket No. CP-51-CR-0003376-2016 (Phila. Ct. Common Pleas).

Subsequently, on November 30, 2016, Mr. Johnson was charged with being a prohibited person in possession of a firearm, carrying a firearm without a license, carrying a firearm in public, aggravated assault, discharge of a firearm into an occupied structure, criminal mischief, simple assault, and recklessly endangering another person, based on conduct that occurred on January 28, 2016. *Commonwealth v. Johnson*, Docket No. CP-51-CR-0010937-2016 (Phila. Ct. Common Pleas). It appears that this prosecution targeted the same conduct as that charged in Docket No. CP-51-CR-0003376-2016 because it is based on conduct that occurred on the same date. On January 13, 2017, the District Attorney *nolle prossed* the firearms charges filed on April 5, 2016. *Commonwealth v. Johnson*, Docket No. CP-51-CR-0003376-2016 (Phila. Ct. Common Pleas). On August 11, 2017, Mr. Johnson was convicted of being a prohibited person in possession of a firearm, carrying a firearm without a license, carrying a firearm in public, criminal mischief, carrying firearms in public, simple assault, and recklessly endangering another person. He was sentenced to six (6) to twelve (12) years in prison. *Commonwealth v. Johnson*, Docket No. CP-51-CR-0010937-2016 (Phila. Ct. Common Pleas).

As relief, Mr. Johnson requests that his arrest in Docket No. CP-51-CR-0003376-2016 be expunged. (Compl. at 12.) He also seeks $25 million for "pain and suffering." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Mr. Johnson leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies to Mr. Johnson's Complaint. That statute requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Mr. Johnson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if

---

[1] However, as Mr. Johnson is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

3

any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

### A. Claims Against the City of Philadelphia Police Department

Mr. Johnson has named the City of Philadelphia Police Department as a Defendant in this matter. However, the Police Department cannot be sued, as it is not a separate legal entity from the City of Philadelphia. *See Regalbuto v. City of Phila.*, 937 F. Supp. 374, 377 (E.D. Pa. 1995). Accordingly, Mr. Johnson's claims against the Police Department are subject to dismissal.[2]

### B. Claims Against the Police Officers

Mr. Johnson has named Police Commissioner Richard Ross and Officers Sulock, Stauffer, Slater, Wenger, Guinan, Layton, Sexworth, Koenir, Ablaza, Farward, and Smith as Defendants in this matter. Mr. Johnson vaguely alleges that these individuals violated his rights by falsely arresting him without probable cause and by conspiring to falsify documents. (Compl. at 7-9.) Mr. Johnson also vaguely contends that these individuals used excessive force against him and also maliciously prosecuted him. (*Id.* at 7.)

Mr. Johnson's vague Complaint fails to state claims for false arrest, false imprisonment, illegal search and seizure, and malicious prosecution against the named officers. To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that he

---

[2] Even if Mr. Johnson had named the City of Philadelphia as a Defendant, nowhere in his Complaint has he alleged a municipal custom or policy that led to the violation of his rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (municipal liability under § 1983 must be predicated upon a municipal policy or custom).

4

was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. To state a claim for false imprisonment, a plaintiff must establish that he was unlawfully detained, which, in the context of an arrest, generally depends on whether the detention was supported by probable cause. *James v. City of Wilkes-Barre*, 700 F.3d 675, 682-83 (3d Cir. 2012). A plaintiff alleging malicious prosecution must establish that the defendants initiated a criminal proceeding against the plaintiff—without probable cause and with malice—and that the proceeding terminated in the plaintiff's favor. *See McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009). With respect to favorable termination, "upon examination of the entire criminal proceeding, the judgment must indicate the plaintiff's innocence of the alleged misconduct underlying the offenses charged." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc).

While Mr. Johnson specifically requests that his arrest in Docket No. CP-51-CR-0003376-2016 be expunged, it is unclear from his Complaint whether he is solely challenging the officers' conduct with respect to that criminal proceeding. Because Mr. Johnson has pled his claims generally—i.e., by suggesting that his arrest and all of his prosecutions have been improper rather than discussing the circumstances of each—he has not established that probable cause was lacking. Moreover, to the extent that Mr. Johnson is challenging his convictions in Docket Nos. CP-51-CR-0003364-2016 and CP-51-CR-0010937-2016, his claims are not cognizable in this action. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would

5

render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). Therefore, to the extent Mr. Johnson seeks to challenge his convictions or the prosecutions leading to those convictions, he may not do so in this § 1983 action because those convictions have not been invalidated.

Mr. Johnson also appears to raise malicious prosecution claims based on the firearms charges which were *nolle prossed* in Docket No. CP-51-CR-0003376-2016. However, those charges appear to have aimed to punish the same misconduct of which Mr. Johnson was ultimately convicted in Docket No. CP-51-CR-0010937-2016. Thus, Mr. Johnson's conviction on those charges precludes a conclusion that the proceeding as a whole terminated in his favor. *See Kossler*, 564 F.3d at 191-92; *see also Wongus v. City of Phila.*, 214 F. Supp. 3d 397, 400 (E.D. Pa. 2016).

In sum, Mr. Johnson may proceed on his excessive force, false arrest and imprisonment, and illegal search and seizure claims against the named officers.[3] However, because of the

---

[3] Although Mr. Johnson was ultimately convicted of several charges, the United States Court of Appeals for the Third Circuit has rejected a presumption, with respect to claims for false arrest,

6

vague nature of his Complaint, Mr. Johnson has not stated plausible claims for excessive force and false arrest and imprisonment against these individuals. The Court will provide Mr. Johnson leave to file an amended complaint with respect to any excessive force and false arrest and imprisonment claims that he may wish to pursue against the named officers. Any amended complaint must name all of the defendants in the caption and must clearly explain how the defendants were involved in violating Mr. Johnson's rights.

### C. Claims Against the District Attorneys

Mr. Johnson has named the City of Philadelphia District Attorney's Office, former District Attorney Seth Williams, and Assistant District Attorneys Steve Patton, Kathryn Brown, and Ben Wilkoff as Defendants. As noted above, he alleges that these individuals "failed to correct falsified evidence" and deprived him of due process and equal protection of the law during his criminal proceedings. (Compl. at 10.) He also contends that the prosecutors conspired to maliciously prosecute him. (*Id.*)

Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). In that regard, "[i]t is well settled that prosecutors are entitled to absolute immunity from claims based on their failure to disclose exculpatory evidence, so long as they did so while functioning in their prosecutorial capacity," or their use of false testimony or evidence in connection with a prosecution. *Yarris v. Cty. of Delaware*, 465 F.3d 129, 137-39 (3d Cir. 2006). District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See*

---

that any conviction of a crime conclusively establishes the existence of probable cause. *See Montgomery v. De Simone*, 159 F.3d 120, 125 (3d Cir. 1998).

7

*Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009). As all of Mr. Johnson's claims against the prosecutors named as Defendants are based on conduct that occurred in the course of their prosecutorial capacity, those claims are barred by absolute immunity.

### D. Claims Against Magistrate Jane Rice

Finally, Mr. Johnson contends that Magistrate Jane Rice violated his rights by setting his bail at $400,000.00 and by "sign[ing] falsified and/or misleading documents/affidavits." (Compl. at 9.) Judges and magistrates, however, are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Weldon v. Cywinski*, 222 F. App'x 205, 207 (3d Cir. 2007) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). As it is apparent that Mr. Johnson is suing Magistrate Rice based on the manner in which she ruled in or handled his criminal case, his claims against her are barred by judicial immunity.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Johnson's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 8 of the Federal Rules of Civil Procedure. Mr. Johnson will be provided leave to file an amended complaint with respect to any claims for excessive force, false arrest and imprisonment, and illegal search and seizure that he may wish to pursue against the named officers. Any amended complaint must name all of the defendants in the caption and must clearly explain how the defendants were involved in violating Mr. Johnson's rights. Any amended complaint may not pursue claims that are barred by principles of judicial or prosecutorial immunity, or claims that challenge any convictions that have not been invalidated. An appropriate Order follows, which shall be docketed separately.