IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMON JOHNSON, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | NO. 18-300 |
| POLICE DEPARTMENT, *et al.*, | : | |
| Defendants. | : | |

FEB - 1 2018

## ORDER

AND NOW, this 31 day of January, 2018, upon consideration of Mr. Johnson's motion to proceed *in forma pauperis* and his *pro se* Complaint, it is ORDERED that:

1. Leave to proceed *in forma pauperis* is GRANTED pursuant to 28 U.S.C. § 1915.

2. Plaintiff, Damon Johnson, #NB-3476, shall pay the full filing fee of $350.00 in installments, pursuant to 28 U.S.C. § 1915(b). Based on the financial information provided by Mr. Johnson, an initial partial filing fee of $53.03 is assessed. The Superintendent or other appropriate official at SCI Huntington or at any other prison at which Mr. Johnson may be incarcerated is directed to deduct $53.03 from Mr. Johnson's inmate trust fund account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106, to be credited to Civil Action No. 18-300. In each succeeding month when the amount in Mr. Johnson's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Mr. Johnson's inmate trust fund account until the fees are paid. Each payment shall reference the docket number for this case, Civil Action No. 18-300.

3. Mr. Johnson's Complaint is DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 8 of the Federal Rules of Civil Procedure, for the reasons stated in the

Court's Memorandum. Mr. Johnson's claims against the City of Philadelphia Police Department, the City of Philadelphia District Attorney's Office, Seth Williams, Steve Patton, Kathryn Brown, Ben Wilkoff, and Jane Rice are DISMISSED with prejudice. Mr. Johnson's claims against Commissioner Ross and Officers Sulock, Stauffer, Slater, Wenger, Guinan, Layton, Sexworth, Koenir, Ablaza, Faward, and Smith are DISMISSED with prejudice with the exception claims he may amend, as set forth below, and any claims barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which Mr. Johnson may pursue in a new lawsuit if and when his convictions are invalidated.

4. Mr. Johnson is given leave to file an amended complaint with respect to any claims for excessive force, false arrest and imprisonment, and illegal search and seizure that he may wish to pursue against the named officers. Any amended complaint must name all of the defendants in the caption and must clearly explain how the defendants were involved in violating Mr. Johnson's rights. Any amended complaint shall not pursue claims that are barred by principles of judicial or prosecutorial immunity, or claims that challenge any convictions that have not been invalidated. Upon the filing of an amended complaint, the Clerk of Court shall not make service until so ORDERED.

5. The Clerk of Court is DIRECTED to send Mr. Johnson a blank form complaint to be used by a prisoner filing a civil rights action pursuant to 42 U.S.C. § 1983. The Clerk of Court shall write the civil action number of this case on the form.

6. If Mr. Johnson fails to file an amended complaint, his case may be dismissed for failure to prosecute without further notice.

BY THE COURT:

C. DARNELL JONES, II, J.