# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMON JOHNSON | : | |
|     Plaintiff, | | |
| v. | : | |
| THE CITY OF PHILADELPHIA; PAUL SULOCK, *(PPD) Shield #5244*; JEFFREY STAUFFER, *(PPD) Shield #6910*; RANDALL FAWARD, *(PPD Shield #813*; WENGER, *Shield #6472*; SLATER, *Shield #3687*; LAYTON, *Shield #4120*; GUINAN *Shield #2781*; and, SGT. ABLAZA *(PPD) Shield #8696* | : : : : | CIVIL ACTION NO. 18-300 |
|     Defendants. | | |

## MEMORANDUM

**Jones, II    J.**                                                                                                 **January 17, 2019**

### I.  INTRODUCTION

Pro Se Plaintiff Damon Johnson, a State prisoner currently incarcerated at SCI-Huntingdon, brings this action against the City of Philadelphia and several individual police officers, for conduct Plaintiff alleges violated his rights under 42 U.S.C. § 1983. Defendant City of Philadelphia has filed a Motion to Dismiss Plaintiff's claims and Plaintiff has filed a Response thereto.  For the reasons set forth below, said Motion shall be granted.

## II. FACTUAL BACKGROUND

Plaintiff alleges that on January 26, 2016, Philadelphia Police conducted an unlawful search and seizure that led to a violation of Plaintiff's constitutional rights. (ECF No. 6 at 4.) Prior to conducting the search, police heard gunshots and subsequently saw Plaintiff's car traveling at a high rate of speed. (ECF No. 6 at 4, 13, 45.[1]) Police pursued Plaintiff, who exited his car outside his residence at 1945 Stella Street in Philadelphia, Pennsylvania. (ECF No. 6 at 45.) Upon exiting his car, police allegedly pointed their guns at Plaintiff and told him they would shoot if he did not follow police orders. (ECF No. 6 at 4.) Approximately six officers then detained Plaintiff, placed him under arrest, and searched his car. (ECF No. 6 at 45, 47.) Plaintiff further contends that once he was taken to the police station, he was physically assaulted by officers and lost a front tooth while in police custody. (ECF No. 6 at 4.)

On April 5, 2016, Plaintiff was charged in two separate proceedings for the events that transpired on January 26, 2016. (ECF No. 4 at 2.)[2] In the first proceeding, Plaintiff was charged with institutional vandalism and resisting arrest. (ECF No. 4 at 2.) In the second proceeding, Plaintiff was charged with being a prohibited person in possession of a firearm, carrying a firearm without a license, and carrying a firearm in public. (ECF No. 4 at 2.)

On November 30, 2016, Plaintiff was charged as a prohibited person in possession of a firearm, carrying a firearm without a license, carrying a firearm in public, aggravated assault, discharge of a firearm into a public structure, criminal mischief, simple assault, and recklessly endangering another person. (ECF No. 4 at 2.) On January 23, 2017, the Philadelphia District

---

[1] Plaintiff has attached several unlabeled exhibits to his Amended Complaint (ECF No. 6). This Court shall cite to ECF pagination for ease of reference.

[2] For purposes of the procedural background, this Court references that contained within its Order dated January 31, 2018 (ECF No. 4), which was derived from Philadelphia Court of Common Pleas docket sheets.

Attorney's Office *nolle prossed* the firearms charges from the April 5, 2016 proceeding. (ECF No. 4 at 2.) On August 11, 2017, Plaintiff was convicted of the November 30, 2016 firearm charges, and received a six (6) to twelve (12)-year sentence. (ECF No. 4 at 2.) That same day, Plaintiff was also convicted of resisting arrest and on August 11, 2017, received a one (1) to two (2)-year prison sentence. (ECF No. 4 at 2.)

**III.    STANDARD OF REVIEW**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. 544, 555 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. (citing *Twombly*, 550 U.S. at 556). This standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*; *Accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

## IV. DISCUSSION

### A. MUNICIPAL LIABILITY FOR CONDUCT OF POLICE OFFICERS

Plaintiff seeks to hold the City of Philadelphia liable for alleged violations of his constitutional rights based on the conduct of Philadelphia police officers. Plaintiff's Amended Complaint fails to plead a sufficient factual basis to sustain these claims.

A municipality may be held liable under Section 1983 when a municipal policy or custom is responsible for the violation of an individual's constitutional right. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 692 (1978). However,

> [I]t is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury that the government as an entity can be held responsible under § 1983. *Monell*, 436 U.S. at 694. Simply put, a municipality can be liable under § 1983 only where its policies are "the moving force [behind] the violation." *City of Canton v. Harris*, 489 U.S. 378, 388-89, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989) (citations omitted). In addition, the Third Circuit has held that "a failure to train, discipline or control [an employee] can only form the basis for section 1983 municipal liability if the plaintiff can show both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's action or inaction could be found to have communicated a message of approval to the offending subordinate." *Montgomery v. DeSimone*, 159 F.3d 120, 127 (3d Cir. 1998).

*Thompson v. Wynnewood of Lower Merion Twp.*, Civil Action No. 12-2308, 2012 U.S. Dist. LEXIS 130742, at *26-27 (E.D. Pa. Sept. 13, 2012).

In other words, the policy or custom requirement ensures that the municipality is responsible only for acts that it has officially sanctioned or ordered. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 470 (1986). Municipalities are not liable under the theory of respondeat superior for individual actions of their employees. *Monell*, 436 U.S. at 691.

With respect to claims alleging municipal liability for the conduct of police officers,

> In general, municipalities are not liable for a failure to train their police officers except "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). To amount to "deliberate indifference," the need for training must be "obvious," and the lack of training "so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.*

*Rodriguez v. Panarello*, 119 F. Supp. 3d 331, 344 (E.D. Pa. 2015).

Plaintiff's Amended Complaint does not contain any facts that would permit this Court to infer the police engaged in unconstitutional conduct as a result of a policy or custom.

First, Plaintiff does not identify any pattern of behavior necessary to establish a municipal policy of deficient police training. More specifically, Plaintiff fails to provide any facts to demonstrate Philadelphia Police lack training in conducting lawful searches and seizures of a person or vehicle. Instead, Plaintiff attaches Directive 139-8 to his Amended Complaint, which provides instruction on how police should conduct a lawful search *of a residence*. (ECF No. 6 at 17.) This Directive is irrelevant to the case at bar and does nothing to support Plaintiff's claims against the City.

Assuming arguendo police violated Plaintiff's constitutional rights during the January 26, 2016 incident, the individual actions of police officers are generally not enough to hold the City liable under Section 1983. *Pembaur*, 475 U.S. at 481. An exception to this would be if a policymaker directed the unlawful decision-making of the officers. *Id.* Plaintiff herein fails to provide any facts that would permit this Court to infer he suffered a violation of his constitutional rights as the result of same.

### B. AMENDMENT

The Complaint at issue herein is an Amended Complaint. The decision to grant or deny a motion for leave to amend is within the sound discretion of the district court. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001). Leave must be freely granted "when justice so requires." *Id.* However, leave may be denied where undue delay, bad faith, dilatory motive, prejudice, or futility are present. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

In view of this Court's findings regarding Plaintiff's claims against the City, any attempt to amend would be futile. As such, Plaintiff shall not be granted further leave to amend.

### V. CONCLUSION

Based upon the foregoing, Defendant City of Philadelphia's Motion shall be granted.[3]

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II

C. Darnell Jones, II    J.

---

[3] To the extent Plaintiff is attempting to litigate municipal liability claims involving the District Attorney's Office and several of its attorneys (ECF No. 16), said claims are barred by reason of this Court's prior decisions dated January 31, 2018 (ECF No. 4) and February 26, 2018 (ECF No. 7).